FRED J. HOLDEN *vs.* JOSEPH CARRAHER & another.
ROBERT C. HUDDY *vs.* SAME.

Suffolk.    December 12, 1906. — May 15, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Assault and Battery.   Innkeeper.*

In actions against an innkeeper for assault and battery, if there is evidence warranting a finding that the plaintiffs in company with another person were conducting themselves improperly as guests of the hotel of the defendant, and that the defendant properly refused to serve them further and ordered them to leave the hotel, the defendant is entitled to have the jury instructed that, if the plaintiffs wrongfully refused to leave the defendant's premises when requested, the defendant and his servants had a right to remove them and that their resistance to such removal was unlawful.

An innkeeper has a right to order a guest of his hotel who has been conducting himself improperly to leave the hotel, and, if he wrongfully refuses to leave when requested to do so, the innkeeper may remove him using no more force than is reasonably necessary, whether the guest has continued to behave improperly or not.

TWO ACTIONS OF TORT by different plaintiffs against the same defendants for assault and battery.    Writs in the Municipal Court of the City of Boston dated January 6, 1905.

On appeal to the Superior Court the cases were tried together before *Hardy,* J.    There was evidence tending to show that the defendant Drewsen was a licensed innholder and liquor dealer in Boston occupying the premises on Washington Street known as the " Hotel Highland "; that the defendant Carraher was employed by him as the manager of that hotel; that the plaintiffs, Holden and Huddy, on November 8, 1904, which was election day, at about 5.45 P. M., after a day spent in working at the polls, resorted to the hotel for the purpose of getting food and a drink of liquor; that immediately upon entering the hotel each registered and purchased a food check, paying five cents therefor, and entered the dining-room, which was crowded, taking seats at the table nearest Washington Street; that each was served with food and a glass of beer for which they paid; that after sitting there a few minutes a third person sat down at the table and introduced himself as one Daly; that they and Daly again were served each

with a glass of beer, for which they paid; that they were requested to leave and after they had left the table they were assaulted, as the plaintiffs contended, by the defendant Carraher and other employees of the defendant Drewsen.

At the close of the evidence the defendants made twelve requests for rulings, of which the seventh, which also is quoted in the opinion, was as follows:

" 7. If the plaintiffs wrongfully refused to leave the defendant's premises when requested, the defendant and his servants then had a lawful right to remove them and their resistance to such removal was unlawful."

In response to this request the judge gave the instructions which are quoted in the opinion, and which are held by this court to have been erroneous in failing to give the substance of the request. The other requests have become immaterial.

The jury returned a verdict for the plaintiff Holden in the sum of $125 and a verdict for the plaintiff Huddy in the sum of $300. The defendants alleged exceptions in both cases.

*G. W. Anderson,* for the defendants.

*P. M. Keating, (L. P. Pieper* with him,) for the plaintiffs.

HAMMOND, J. One of the grounds of the defence was that the plaintiffs, in company with Daly, were conducting themselves improperly as guests of the hotel, and that the defendants properly refused to serve them further and ordered them to leave the hotel; that the plaintiffs after such order refused to leave, whereupon the defendants, after a proper time, using no more force than was reasonably necessary, ejected the plaintiffs. The evidence although conflicting would have justified a finding for the defendants upon this point. In this state of the evidence the defendants requested a ruling in each case that " if the plaintiffs wrongfully refused to leave the defendant's premises when requested, the defendant and his servants then had a lawful right to remove them and their resistance to such removal was unlawful." We do not understand this to be a statement that the plaintiffs did resist, but that the request simply means to say that resistance in such a case on their part would be unlawful. As so interpreted the request properly states the law, and was applicable to a reasonable view of the case upon the evidence. Upon this point the judge instructed the jury as follows: " Now it is claimed here on

the part of the defendants, that there was a justification, as I have said before. When you are dealing with the question of their justification, the burden of proof then rests upon the defendants. They come in with an affirmative proposition now, to satisfy you that they were justified in interfering with the personal liberty of the plaintiffs in interfering with their person. And they must satisfy you by a fair preponderance of the evidence that they had the right to remove these plaintiffs by force. That is, if the defendants saw fit to deny these plaintiffs any further accommodation as guests ; if they acted as they saw fit in connection with a proper discretion to deny their remaining there any further, then it would be a duty imposed upon the defendants to give them proper notice and a reasonable time in which they should remove or retire from the hotel. They would not be entitled to lay their hands upon the plaintiffs until such notice was given and a reasonable time granted for them to retire. Then, if the plaintiffs saw fit to conduct themselves in a disorderly manner or in such a manner that they were no longer proper guests of the hotel, if you should find upon all the evidence in the case that these plaintiffs were then intoxicated, or in such a state of intoxication that it was not proper for them to remain there, and proper warning was given to them to retire and they failed to do so, then the defendants would have the right to use a reasonable degree of force to remove them from the hotel." This language seems to imply that, even if the defendants had the right to order the plaintiffs out, still they could not proceed to expel them by a forcible laying on of hands unless the plaintiffs were still conducting themselves in a disorderly manner, etc., as stated in the last sentence above quoted. And the jury may properly have so understood it. It is far short of the statement of the law contained in the seventh request. The manner in which this request was treated was prejudicial to the defendants. For this reason the order must be

_Exceptions sustained._