LEO FREWEN *vs.* GEORGE H. PAGE & another.

MARGARET FREWEN *vs.* SAME.

Suffolk.    March 16, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Innkeeper. Contract,* Implied, Of innkeeper with guest, Performance and breach.
*Damages,* For breach of contract. *Practice, Civil,* Exceptions.

If, at the trial of actions, respectively by a husband and by his wife against the
proprietor of a hotel for injury and damages resulting from unwarranted and un-
lawful intrusion by the defendant with employees and a police officer upon, and
slander and maltreatment of the plaintiffs while guests at the defendant's hotel,
the jury by their answer to a special question find that the plaintiffs were prop-
erly registered as guests under St. 1918, c. 259, § 5, exceptions to refusals of
requests by the defendant for rulings and instructions predicated upon the
assumption that there was some question as to the plaintiffs being properly
registered, became immaterial.

An exception to the refusal at the trial of the actions above described of a request
for a ruling that, if the defendant had no intention of frightening the plaintiffs
but merely went to the room to ascertain whether they "had a right to be there,"
he was not responsible "for her fright or the consequent injury to her health,"
was overruled because the record disclosed no basis for the assumptions upon
which the ruling requested was based.

The implied contract of an innkeeper with a guest who has registered under St.
1918, c. 259, § 5, and to whom he has furnished a room is not merely for the use of
the room and entertainment, but for immunity from rudeness, personal abuse and
unjustifiable interference, whether exerted by the defendant or by his servants or
by those under his control or acting under his orders.

A guest at an inn, when duly registered and placed in exclusive occupation of a room
by the innkeeper, has the right of occupation for all lawful purposes until vacated,
subject only to access by the innkeeper at reasonable times and in a proper man-
ner for such purposes as might be necessary in the general management of the
inn or upon the happening of some unanticipated, controlling emergency.

At the trial of the actions above described, there was evidence tending to show that
the defendant, without previously giving to the plaintiffs any notice to vacate
or requesting their departure, entered their room with a police officer for the
purpose of compelling them to vacate, used excessive force, coercion and in-
timidation and indulged in conduct abusive and insulting and wanting in or-
dinary respect and decency, from which the jury were warranted in finding that
the defendant had been guilty of assault, of false imprisonment and of slander
"by words spoken . . . imputing a crime." *Held,* that

(1) A request by the defendant for a ruling that, if the defendant as owner of the hotel entered the room "for the purpose of inspecting the same and seeing that the rules of the hotel and all statutory regulations were complied with, then he was acting within the scope of his legal right and was not a trespasser," was refused properly;

(2) The jury properly were instructed that, if the plaintiffs were unlawfully restrained of their liberty, the defendant was liable in damages; that if he incited, encouraged, or countenanced the presence and acts of the police officer, he was liable therefor; that damages might be assessed for humiliation and injury to each plaintiff's feelings, as well as for unwarranted disturbance of their right to privacy and to exclusive use of the room for themselves, and that, even if the entry of the defendant arose from some mistake made by him or his agents "in his records," such mistake would not amount to a justification;

(3) It was proper to deny a request of the defendant for an instruction that if the plaintiff suffered no physical injury "she cannot recover for mental suffering."

At the trial of the actions above described solely upon counts in contract, the defendant at the close of the evidence asked that the jury be instructed that the plaintiffs "could not recover on their counts in contract for any damages resulting from words spoken, the slander, false imprisonment, assault and battery or for the humiliation, but could only recover for the value of the room." The request was denied and the defendant alleged an exception. At the request of the defendant the jury were asked special questions from the answers to which it appeared that, while they returned general verdicts for both plaintiffs, they assessed part of said damages for slander, part for assault and part for false imprisonment. *Held*, that the exception to the refusal of the request, even when the request was read in connection with the answers of the jury to the special questions, must be overruled.

Two ACTIONS OF TORT OR CONTRACT with a declaration in five counts, all for the same cause of action, the first four counts in each action being in tort for trespass, assault and battery and false imprisonment, false arrest, and slander, respectively. In the fifth count in each action it was alleged in substance that the two plaintiffs, husband and wife, were upon application by the husband assigned to a room in the Hotel Langham, of which the defendant George H. Page (hereinafter called the defendant) was proprietor, and were escorted by an employee of the defendant to a room on the fifth floor of the hotel and were given the key to the room, "and that the plaintiff and his wife became guests of said management, and became entitled to an exclusive right to the use of said room, free from annoyance, discomfort, insult or injury;" that notwithstanding their exclusive right to the room as guests of the defendant innkeeper, on or about the morning of November 19, 1918, the defendant, personally and by his servants, agents and employees, together with a police officer there present at the instigation and by the procurement of the defendant, wrongfully and

by force entered the sleeping apartment of the plaintiffs without cause, and disturbed their rest and quiet, intruded upon their privacy, and assaulted them and restrained them of their liberty against their will and to their great humiliation, and publicly and maliciously in the presence of divers persons used abusive, threatening and slanderous language of and concerning the plaintiffs accusing them of the crime of having had illicit sexual intercourse and of being in the hotel contrary to the provisions of St. 1918, c. 259, all by words substantially as follows: "What do you mean being here with this woman? — You don't belong in this bedroom with this woman and if you don't get out, I am going to get a police officer and put you out. — I intend to put you out of here — Tell us, who is the little girl you have with you. — May be she is registered and he (meaning the plaintiff) has slipped into the room with her over night.—" and so injured the character of the plaintiffs and caused them great humiliation and mental anguish and anxiety; and "that by this breach of duty to the plaintiff while a guest of the defendant innkeeper your plaintiff has suffered great damage as in his writs alleged. And this count in contract and the above counts in tort are for one and the same cause of action."

The actions were tried together before *Hall*, J. Material evidence and exceptions saved by the defendant are described in the opinion. At the close of the evidence the defendant moved that the plaintiffs be compelled to elect as to whether their cases would go to the jury on the counts in contract or on the counts in tort. The judge thereupon required the plaintiffs to elect and they elected to proceed on the counts in contract. The defendant thereupon requested the judge to instruct the jury that the plaintiffs could not recover on their counts in contract for any damages resulting from words spoken, the slander, false imprisonment, assault and battery or for the humiliation, but could only recover for the value of the room. The request was refused.

Special questions were put to the jury at the request of the defendant in both actions, which, with the answers were as follows:

" 1. What portion of the damages assessed by the jury, if any, is assessed for words spoken, if any, imputing a crime." The jury answered, in the action by the husband, "$300," and in the action by the wife, "$700."

" 1a. Were Leo Frewen and wife registered on the Hotel

Register of the Langham Hotel on November 16, 1918?" The jury answered, "Yes."

In the action of the husband, the jury were asked special questions and answered as follows:

"1. What portion of the damages assessed by the jury, if any, is assessed for assault?" The jury answered, "$100."

"2. What portion of the damages assessed by the jury, if any, is assessed for false imprisonment?" The jury answered, "$100."

The jury found generally for the plaintiffs, in the action by the husband in the sum of $500 and in that of the wife in the sum of $1,000; and the defendants alleged exceptions.

*C. S. Hill,* (*E. Adlow* with him,) for the defendants.

*R. G. Wilson, Jr.,* (*C. T. Cottrell* with him,) for the plaintiffs.

BRALEY, J.   The only reference to the evidence in the record is the "statement of facts" from which it appears, that the plaintiffs, who are husband and wife, were accepted as guests at the Hotel Langham managed and kept by the defendant George H. Page, and the question, whether they had been properly registered as required by St. 1918, c.259, § 5, has been answered in the affirmative by the jury.   A finding would have been warranted that while in bed in a room assigned to them to which they had been escorted and given a key, three employees of the defendant entered, followed by the defendant with a police officer, and, although ordered to leave the hotel, the plaintiffs refused compliance with the order.   And evidence was offered "of an assault, of false imprisonment, and slander, all incidental to the plaintiffs' right to the quiet enjoyment of their room, but the defendant offered evidence to dispute this."   We assume that this summary refers to what took place after the defendant came in, and that the jury could find that he acted as the proprietor in control of the hotel, and the employees and police officer were present at his direction and solicitation.

The action is in tort or contract.   But, at the plaintiffs' election by order of the court, on motion of the defendants, the cases were submitted to the jury on the counts in contract, and general verdicts were returned for the plaintiffs.

The jury having specially found that the plaintiffs had duly registered, they were rightly in occupation.   The defendants' fifth and sixth requests, that if the plaintiffs were violating the law

in occupying a room without having been properly registered "they are precluded from recovering for any injury suffered while in the room," and the defendant was "justified in entering the room for the purpose of learning whether the law had been complied with and if the occupants refused to assist him in his inquiry he is justified in assuming that their presence is unlawful and can use any reasonable means to remove them," are no longer material. See St. 1918, c. 259, § 5.

The questions raised by the seventh request, whether the defendant was "responsible for the acts of the police officer done by the police officer while in the performance of his lawful duty," and "that the police officer was acting within the scope of his lawful duty in entering the room . . . to investigate into the right of their presence there," were for the jury under suitable instructions. *Mason* v. *Jacot*, 235 Mass. 521. The eighth request that if the defendant had no intention of frightening the plaintiffs but merely went to the room to ascertain whether they "had a right to be there," he was not responsible "for her fright or the consequent injury to her health," is not supported by any legal presumption. The defendant was not justified in assuming that the plaintiffs were not registered. The hotel registry disclosed their names, and he could not for this reason intrude upon their privacy. *Sampson* v. *Henry*, 11 Pick. 379, 387.

It is necessary however to ascertain the respective rights of the parties upon which the defendant's remaining requests must rest. The defendant urges that consequential damages for breach of contract are limited to such damages as were within the contemplation of the parties at the time of entering into the agreement. But it was held in *Dickinson* v. *Winchester*, 4 Cush. 114, 121; 50 Am. Dec. 760; that a plaintiff who had lost a trunk and its contents while a guest at the defendant's hotel could declare in case or assumpsit. "The plaintiff may set forth a duty, and aver a fact in violation of it as a tort, or aver an implied promise to perform it, and a failure to perform that promise." *Vannah* v. *Hart Private Hospital*, 228 Mass. 132. *Norcross* v. *Norcross*, 53 Maine, 116. The contract was not merely for the use of the room and entertainment, but for immunity from rudeness, personal abuse and unjustifiable interference, whether exerted by the defendant or his servants, or those under his control or acting under his orders.

The plaintiffs having duly registered and been put in possession of a room for their exclusive use had the right of occupation for all lawful purposes until vacated, subject only to the access of the defendant at reasonable times and in a proper manner for such purposes as might be necessary in the general management of the hotel, or upon the happening of some unanticipated, controlling emergency. *Commonwealth* v. *Power*, 7 Met. 596, 601. *Holden* v. *Carraher*, 195 Mass. 392. *DeWolf* v. *Ford*, 193 N. Y. 397. *Lehnen* v. *E. J. Hines & Co.* 88 Kans. 58. If, without any sufficient reason appearing in the record, the defendant, who is not shown to have given any previous notice or made any request for their departure, entered the room for the purpose of compelling them to vacate, he is liable in damages if excessive force or coercion or intimidation, was used, or his conduct toward the plaintiffs was abusive, insulting, and wanting in ordinary respect and decency. And his tenth request, that, if as owner of the hotel he entered the room " for the purpose of inspecting the same and seeing that the rules of the hotel and all statutory regulations were complied with then he was acting within the scope of his legal right and was not a trespasser," is not supported by the record.

The judge's instructions are not stated, and it must be inferred as against the excepting party, that they were correct and sufficient. *Khron* v. *Brock*, 144 Mass. 516, 519. The jury could find that after entering the room he engaged in the wrongful acts charged without justification or excuse. See *Holden* v. *Carraher*, 195 Mass. 392. The general law is well settled. The guest is entitled to respectful and considerate treatment at the hands of the innkeeper and his employees and servants, and this right created an implied obligation that neither the innkeeper nor his servants will abuse or insult the guest, or engage in any conduct or speech which may unreasonably subject him to physical discomfort or distress of mind or imperil his safety. *Lehnen* v. *E. J. Hines & Co.* 88 Kans. 58. *DeWolf* v. *Ford*, 193 N. Y. 397. *Morningstar* v. *Lafayette Hotel Co.* 211 N. Y. 465. *McHugh* v. *Schlosser*, 159 Penn. St. 480. 14 R. C. L. Innkeepers, § 11, and notes. And he can recover damages for injury to his feelings resulting from the humiliation to which he has been subjected. *Clancy* v. *Barker*, 71 Neb. 83. *Aaron* v. *Ward*, 203 N. Y. 151. *DeWolf* v. *Ford*, 193 N. Y. 397, 401. *Head* v. *Georgia Pacific Railroad*, 79 Ga. 358.

The plaintiffs are not shown to have annoyed or disturbed other guests, or to have improperly demeaned themselves, or to have violated any rules of the hotel, and under suitable instructions the jury on conflicting evidence could find the defendant had been guilty of assault, false imprisonment and slander, by "words spoken . . . imputing a crime."

It follows that the plaintiffs' four requests, that if they were unlawfully restrained of their liberty the defendant is liable in damages, and if he incited, encouraged, or countenanced the presence and acts of the officer he is liable therefor, and that damages may be assessed for humiliation and injury to the plaintiff's feelings, as well as for unwarranted disturbance of his right of privacy and exclusive use of the room for himself and wife, and that even if the entry of the defendant arose from some mistake made by him or his agents "in his records" such mistake would not amount to a justification, were unexceptionable. The defendant's ninth request that if the plaintiff suffered no physical injury "she cannot recover for mental suffering," was properly denied. As we have said he could not treat the plaintiffs with contumely by the use of insolent language concerning them, specifically set forth in the declaration, and referred to, and characterized in the record as "slander," which the jury could say caused the plaintiffs not only physical annoyance and discomfort, but also worry and distress of mind. *DeWolf* v. *Ford*, 193 N. Y. 397, 401. The defendant's duty in this respect is analogous to that of a common carrier of passengers. *Commonwealth* v. *Power*, 7 Met. 596, 601. *Jackson* v. *Old Colony Street Railway*, 206 Mass. 477, 485. *Gorman* v. *Southern Pacific Co.* 97 Cal. 1. In uttering incriminating words in the presence of his servants, and the police officer, the defendant violated his contractual obligation to the plaintiffs as guests, of courtesy and respectful treatment, and freedom from humiliation, contempt and ridicule arising from slanderous verbal attacks. We are therefore of opinion that the cases come within the doctrine of *Bryant* v. *Rich*, 106 Mass. 180, and kindred decisions, and the plaintiffs can recover in contract, as fully as if they had sued in tort.

The final request, that they "could not recover on their counts in contract for any damages resulting from words spoken, the slander, false imprisonment, assault and battery or for the humilia-

tion, but could only recover for the value of the room," even when read in connection with the special answers of the jury to questions propounded by the defendant and submitted at his request, is covered by what has been said, and the defendant having failed to show reversible error the exceptions should be overruled.

*So ordered.*