## 25041. ATLANTIC COAST LINE RAILROAD COMPANY *v.* O'NEAL.

DECIDED DECEMBER 11, 1935.

*S. F. Memory, Wilson, Bennett & Pedrick,* for plaintiff in error. *Parker & Parker, Oliver & Oliver,* contra.

GUERRY, J. C. C. O'Neal brought suit against the Atlantic Coast Line Railroad Company, seeking damages for the death of

his eight-year-old son. The defendant filed a general demurrer which was overruled. Upon appeal to this court by writ of error, this judgment was affirmed. The petition is fully set out in the previous opinion of this court. *Atlantic Coast Line R. Co.* v. *O'Neal,* 48 *Ga. App.* 706 (172 S. E. 740). It is sufficient, for the purposes of this decision, to state that it appears that there was piled on the defendant's right of way a number of logs, and that the plaintiff's child went with other children upon the pile of logs and while thereon the logs rolled from their place and caused injuries which resulted in the death of the child. On certiorari to the Supreme Court, the judgment of this court was reversed. *Atlantic Coast Line R. Co.* v. *O'Neal,* 180 *Ga.* 153 (178 S. E. 451). In accordance with the opinion of the Supreme Court this court rendered a final judgment holding that the trial court erred in overruling the general demurrer. See *Atlantic Coast Line R. Co.* v. *O'Neal,* 51 *Ga. App.* 100 (179 S. E. 655). The Supreme Court in rendering judgment on certiorari, said: "It is usually wilful or wanton not to exercise ordinary care to prevent injury to a person who is actually known to be or reasonably expected to be *within the range of a dangerous act being done. Ashworth* v. *Southern Railway Co.,* 116 *Ga.* 635-638 (43 S. E. 36, 59 L. R. A. 592). But the petition nowhere alleged that a dangerous act was being done. It alleges that logs were piled upon the premises in a dangerous manner; but it must be borne in mind that the condition of the logs would not injure or harm any one without the intervention of some active force." The following excerpt from the opinion in Hannan *v.* Ehrlich, 102 Ohio St. 176 (131 N. E. 504), is quoted approvingly: "Greater care and caution should be exercised to prevent injuries to children upon premises where dangerous active operations are carried on than upon premises containing a visibly dangerous statical condition." Also from the opinion in *Savannah &c. Railway Co.* v. *Beavers,* 113 *Ga.* 398, 404 (39 S. E. 82, 52 L. R. A. 314): "If the child, upon entering on the premises, is hurt by the 'active negligence' of the owner in bringing force to bear upon him, it may well be that the negligence of the parent in failing to restrain the child's entrance does not bar the child's recovery for the force thus brought to bear upon him after his entrance. But it is going far beyond this to say that the child can recover for harm sustained by him through the con-

dition of the premises, without the immediate intervention of any human agency save his own." It seems clear under this decision, which is the law of the case, that for the plaintiff to have a cause of action for the death of the child it must appear that the child came "within the range of a dangerous act being done" upon the defendant's premises, and was thus injured because of the "active negligence" of the defendant in bringing force to bear upon him. The failure to warn the child of the known unsafe condition, and injury consequent on the child's own act in dislodging the logs (the manner of piling being the alleged unsafe condition), furnishes no cause of action. The plaintiff, by an amendent filed before the remittitur of this court was made the judgment of the lower court, alleged that active operations were being carried on by the agents of the defendant, in that at the time the child was injured they were actually loading the logs, but by the same amendment added the following paragraph: "Said children who were playing thereon, or some of them, caused said logs which were lying crosswise to become unbalanced, and the same rolled over and upon petitioner's child, killing him instantly," which, of course, shows that the "active force" of the defendant's agents in loading the logs did not contribute to or even remotely contribute to the injuries sustained by the child. It must not only appear that there was some active operation being carried on upon defendant's premises, but it is elementary that it must have proximately caused the injuries complained of. The amendment further alleged that the condition of the logs constituted a "mantrap or pitfall." As to this the plaintiff is also foreclosed by the decision of the Supreme Court, for no additional *facts* are alleged in the amendment that were not in the petition before the Supreme Court, and it was there plainly ruled that the petition did not show "that defendant had knowingly permitted a hidden peril to exist." The additional allegations therefore amounted to mere conclusions of the pleader, and added nothing to the petition. The amendment did not constitute any essential change in the cause of action originally stated, and this court is bound by the opinion heretofore rendered by the Supreme Court. It is therefore the judgment of this court that the judge erred in overruling the defendant's general demurrer to the petition as amended.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*