Taft, J.,
concurring. This court has frequently recognized that the extent of the legal duty with respect to his conduct, that is owed by one person to another, may be less than a duty to exercise ordinary care in an instance where the one upon whom that duty is imposed is gratuitously conferring a benefit upon the one to whom the duty is owed. See for example Hannan v. Ehrlich, Admr., 102 Ohio St., 176, 131 N. E., 504 (duty owed to licensee), United States Fire Ins. Co. v. Paramount Fur Service, Inc., 168 Ohio St., 431, 156 N. E. (2d), 121 (duty owed to gratuitous bailee). Thus, an owner of land gets no benefit from the presence of a mere licensee on his premises. In conferring permission for such presence, both parties anticipate benefit only to the licensee. See Prosser on Torts, 445, 454, Sections 77, 78. Likewise, in a gratuitous bailment, the only benefit contemplated is that to the bailee, — not any to the bailor.
As suggested in Judge Putnam’s dissenting opinion in Avellone v. St. John’s Hospital, 165 Ohio St., 467, 135 N. E. (2d), 410, “the rule of respondeat superior * * * is an exception to the more ancient rule that one is not responsible for another’s wrongs,” and “should not be extended” so as to impose liability on a charitable or eleemosynary institution for tortious conduct of servants selected by it with due care, at least where the one seeking to impose such liability has not made and is not bound to make any substantial payment for the benefits he sought to receive from such institution.
As I view it, Avellone v. St. John’s Hospital, supra, merely *295 holds that the rule of respondeat superior can impose liability-on a charitable hospital for tortious conduct of its servants, where it appears that the one seeking to impose such liability (there a “paying patient”) has made or is obligated to pay a substantial equivalent for the benefits he sought and expected to receive from such institution. Apparently, judicial notice was taken that paying patients usually substantially pay for the services they receive in such an institution.
That ease did not involve, as does the instant case, the question as to liability on account of injury to or death of one who neither made nor was obligated to make any payment that could reasonably be said to represent a substantial equivalent for the benefits that he sought to receive from the charitable institution ; and, assuming that it did involve such question, the opinion does not indicate that the court considered whether the duty owed to such a beneficiary would be more than a duty to exercise some lesser degree of care than that of ordinary care. See Scheibel v. Lipton, 156 Ohio St., 308, 102 N. E. (2d), 453.