JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff-appellant Myrna Lopez ("Lopez") appeals the trial court's granting summary judgment in favor of the defendant-appellee Dave's Supermarket, Inc. ("Dave's"). We find merit to the appeal and reverse and remand for further proceedings.
 {¶ 2} The undisputed facts are as follows: On July 30, 1999, Lopez went to Dave's to grocery shop. After completing her shopping, she placed her groceries on the check-out counter. Lopez attempted to walk around the cart in order to pay for her groceries at the check-writing station located further down the aisle. Her shopping cart was blocked in the aisle because the bagger was loading her groceries into another shopping cart left by the customer who preceded her. As she was attempting to walk around the shopping cart, Lopez stepped into the adjacent cashier's stall and tripped on a box sitting on the floor. Lopez claims she sustained serious permanent injuries as a result of this fall.
 {¶ 3} In its order granting summary judgment, the trial court concluded:
 {¶ 4} "In the case at bar, Plaintiff was injured when she entered a cashier stall, which is an employee area of the store where customers do not belong."
 {¶ 5} Lopez appeals and raises the following two assignments of error.
 {¶ 6} "I. The trial court erred by granting defendant's motion for summary judgment.
 {¶ 7} "II. Granting the defendant's motion for summary judgment by the trial court was against the manifest weight of the evidence."
 {¶ 8} As a preliminary matter, we note that the test for granting a motion for summary judgment is not that of manifest weight of the evidence. See Simeon v. Brookfield Township Clerk, 11th Dist. No. 9-T-4430, 1991 Ohio App. Lexis 3187; Civ.R. 56(C). In her second assignment of error, Lopez claims the trial court's decision granting Dave's motion for summary judgment was against the manifest weight of the evidence. Because we do not review the summary judgments under a "manifest weight" standard, Lopez's second assignment of error is overruled.
 {¶ 9} In her first assignment of error, Lopez asserts the trial court erred in granting Dave's motion for summary judgment.
 Standard of Review {¶ 10} Appellate review of summary judgments is de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585,706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201, as follows:
 {¶ 11} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293."
 {¶ 12} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 Lopez's Legal Status {¶ 13} In a negligence action, the plaintiff carries the burden of identifying a duty owed by the defendant. The legal status of a person injured upon the land of another, whether a trespasser, licensee or invitee, determines the scope of the legal duty that owner or occupier of land owes the entrant. Gladon v. Greater Cleveland Regional TransitAuth. (1996), 75 Ohio St.3d 312, 315. The Supreme Court of Ohio set forth the distinction between an invitee and a licensee in Light v. OhioUniversity (1986), 28 Ohio St.3d 66, 68, wherein the court stated:
 {¶ 14} "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. Scheibel v. Lipton (1951), 156 Ohio St. 308,102 N.E.2d 453 [46 Ohio Op. 177]. It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. Presley v. Norwood (1973),36 Ohio St.2d 29, 31, 303 N.E.2d 81 [65 Ohio Op.2d 129]. Conversely, a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation, is a licensee. A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury. Hannanv. Ehrlich (1921), 102 Ohio St. 176, 131 N.E. 504, paragraph four of the syllabus; see Scheurer v. Trustees of the Open Bible Church (1963),175 Ohio St. 163, 192 N.E.2d 38 [23 Ohio Op.2d 453]."
 {¶ 15} Initially, we note that "the legal status of a party is a question of law and not a question of fact." Kirschnick v. Jilovec (Aug. 31, 1995), Cuyahoga App. No. 68037, citing Mussivand v. David (1989),45 Ohio St.3d 314, 318. See also Wiley v. National Garages, Inc. (1984),22 Ohio App.3d 57, 62 ("The question of whether undisputed facts, essential to the determination of the plaintiff's status, show him to be a licensee or invitee, is a legal question for the court.")
 {¶ 16} Dave's argues that although Lopez was a business invitee while she was shopping, the moment she stepped into the vacant cashier's stall she exceeded the scope of her invitation and became either a licensee or a trespasser. Dave's argues it did not owe Lopez a duty to use ordinary care to maintain the cashier's stall in a safe manner because it is an area used only by employees and is not open to the public. Lopez claims she was an invitee even when she stepped into the cashier's stall because she and other customers routinely walk into closed cashier's stalls and there was nothing posted advising customers not to enter those areas. We agree.
 {¶ 17} In an affidavit attached to her brief in opposition to Dave's motion for summary judgment, Lopez stated that she had walked around her shopping cart, through a vacant cashier's stall, and over to the check-writing station many times without incident. She also stated she had seen other shoppers at Dave's do the same. Lopez had never seen any barriers in place to prevent shoppers from entering vacant cashier areas. There were no signs posted advising shoppers that such areas were off limits to the public. Lopez also averred she had witnessed Dave's employees watching customers pass through vacant cashier's stalls but none of those employees ever stopped customers from entering the vacant stalls. Because Dave's did nothing to prevent its customers from entering the vacant stalls and customers freely entered those areas while they were passing through the check-out aisles, we find Lopez was an invitee when she entered the cashier's stall where she fell.
 {¶ 18} Dave's relies on Gladon v. Greater Cleveland RegionalTransit Authority (1996), 75 Ohio St.3d 312, and Conniff v. Waterland,Inc. (1997), 118 Ohio App.3d 647, for the proposition that Lopez exceeded the scope of her invitation when she entered the vacant cashier's stall and thus became either a licensee or a trespasser. However, we find this case distinguishable from Gladon and Conniff.
 {¶ 19} In Gladon, the Ohio Supreme Court found that Gladon, the plaintiff in that case, was either a licensee or a trespasser when he was injured by a train on the train tracks because even Gladon acknowledged the public was not permitted on or near the tracks. See Gladon at 316. InConniff, the plaintiff was injured when she entered a water park at night, after it was closed, and slid down a dry water slide. Although the plaintiff in Conniff was an invitee while the park was open, she was clearly no longer an invitee after the park was closed.
 {¶ 20} In the instant case, not only was Dave's open for business, there was nothing advising customers that vacant cashier's stalls, which are located in the check-out aisles, were off limits. Again, the fact that Lopez and other customers were free to enter vacant cashier's stalls while passing through the check-out aisles to pay for their groceries leads us to conclude that Lopez was an invitee. Accordingly, Lopez's first assignment of error is sustained.
 {¶ 21} Judgment is reversed and case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and DIANE KARPINSKI, J. concur.