GEORGE W. NICKERSON *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Barnstable.    January 16, 1901. — March 1, 1901.

Present : HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

The selectmen of a town, in a vote to widen and straighten a certain road which crossed a railroad, described the limits of the new road until it reached the railroad, then beginning again on the other side of the railroad described the limits of the road beyond, and then declared "all portions of the old road not included to be discontinued."    *Held*, that the highway was not discontinued where it crossed the railroad but in that part remained unchanged.

Upon the issue whether a certain way is a public way the records of the county commissioners dealing with the way as a highway or town way are admissible in evidence.

TORT to recover for injuries suffered by reason of a defect in the planking between the tracks of the defendant at an alleged private crossing of a highway in the town of Orleans.    Writ dated July 17, 1899.

At the trial in the Superior Court, before *Richardson*, J., it was admitted that no notice was given to the railroad company under Pub. Sts. c. 52, § 19, of the time, place and cause of the accident, and that if the defective planking was within the limits of a highway, the plaintiff could not recover.

The plaintiff put in evidence the records of the town of Orleans as to the widening and straightening of a certain road as follows :

"Report of the Selectmen on widening and straightening the road from a point near the dwelling house of Joel Sparrow by the houses of Francis Young and John G. Snow to Eastham line and adopted by the town Feb. 2d, 1874, viz. :

"Commencing on the east line of Rockharbor road at the northwest corner of the front yard of Joel Sparrow thence north 40 east 25 rods over line of road, thence same course 5 rods 4 links over land of Edwin Smith, thence same course 12 rods 7 links over line of road, thence north 77 east 3 rods over land of Mercy Higgins, thence same course 12 rods 23 links over land of Aseneth Swain, thence same course 17 rods 7 links over line of road, thence north 69 east 11 rods over line of road, thence north        12 links over land of Francis Young, thence north 36 east 13 rods 7 links over land of same, thence same course 7 rods over land of Jonathan Young, thence north 64 east 10 rods 16 links over land of same, thence same course 4 rods over land of town to the west line of the railroad.

"Again commencing on the east side of the railroad at the northwest corner of the land of John G. Snow, thence north 58 east 7 rods 10 links over line of road, thence same course 10 rods over land of John G. Snow, thence north 85 east 7 rods 17 links over land of same, thence same course 16 rods 18 links over line of road, thence north 78 east 10 rods over line of road, thence same course 3 rods 2 links over land of Freeman Robbins, thence same course 14 rods over land of Franklin Smith, thence east 10 south 6 rods 18 links over land of same, thence same course 2 rods over land of Heman Smith, thence same course 2 rods 17 links over line of road to a stone monument on Eastham line.

"The above described line to be the south line of the road, and said road to be fifty feet wide north and west from said line, and all portions of the old road not included to be discontinued."

Then followed a list of damages awarded to the owners of land taken.

The defendant presented evidence showing that, long before the date of the widening and straightening of the road from the house of Joel Sparrow to the Eastham line, a road had existed which was used by the inhabitants of Orleans and other persons who had occasion to travel from that part of the town of Orleans to Eastham and from Eastham to that part of Orleans; that this road crossed the land which is now used by the railroad as a crossing where the plaintiff was injured, but no laying out of this road was offered or could be found on the town records.

The defendant, against the objection of the plaintiff and his exception thereto, put in evidence the records of the county commissioners of the county of Barnstable showing the petition of the Cape Cod Railroad Company, to be allowed to cross at grade certain highways and town ways in the construction of the extension of its railroad from Orleans to Wellfleet, and also a decree of the county commissioners upon such petition ordering a crossing to be made and continued at grade.   The defendant by competent evidence identified the crossing referred to as the crossing which was·passed over in going from Orleans to Eastham before the widening and straightening of the road from Joel Sparrow's to the Eastham line, of which the plaintiff offered record evidence. It was admitted that the defendant had acquired all rights possessed by the Cape Cod Railroad Company at the crossing.   No other evidence was offered by the plaintiff or defendant as to the nature of the road at the crossing in regard to being public or private.

At the close of the evidence, the defendant asked the judge to direct a verdict for the defendant on the ground that the plaintiff had not proved his right to maintain his action upon all the evidence in the case.   The judge declined so to rule, and under directions not excepted to left to the jury the questions of due care on the part of the plaintiff and negligence on the part of the defendant and whether the road upon which the plaintiff was travelling at the crossing was a highway or other way, such as is mentioned in Pub. Sts. c. 112, § 124, or whether it was a private way.

The jury found for the plaintiff; and the defendant alleged exceptions.

*J. H. Beale, Jr., & H. M. Hutchings,* for the defendant.

*H. P. Harriman,* for the plaintiff.

KNOWLTON, J.   The bill of exceptions is not free from obscurity in regard to the questions which were submitted to the jury and the instructions which were given.   The only exception taken was to the refusal to direct a verdict for the defendant. It is said that the judge gave instructions not excepted to in regard to the various questions in the case.   It is agreed that no notice was given of the time, place and cause of the accident, as required by the Pub. Sts. c. 52, §§ 18 and 19, when an accident

happens through a defect or want of repair in a highway or town way. By the Pub. Sts. c. 112, § 124, a railroad corporation is bound to keep such a way in repair at the crossing, when its railroad is crossed by it on a level therewith. If, therefore, the crossing where the accident happened was in a public highway or town way, the plaintiff cannot recover, because he failed to give the notice required by the statute.

The evidence seems to show beyond all reasonable doubt that there was a public way or town way at this point, unless it was discontinued by the town on the report of the selectmen in 1874. Both parties, in their arguments before us, assume that there was such a way there. As we understand the bill of exceptions, there was no dispute that the accident happened within the limits of the way unless the way within the location of the railroad had been discontinued.

With this interpretation of the bill of exceptions, the only question before us is whether the judge should have ruled as a matter of law that the public way within the location of the railroad was not discontinued by the action of the town in widening and straightening the road, or whether he might rule that it was discontinued, or leave the jury to find that there was such a discontinuance. We think that the true construction of the record of widening and straightening is that the road was altered so as to conform to the new line from the corner of the front yard of Joel Sparrow to the west line of the railroad, and then from the east line of the railroad to the line of the town of Eastham, and that so much of the way was discontinued as lay outside the prescribed lines, between the termini on the westerly side of the railroad, and between the termini on the easterly side of the railroad, and that the way within the location of the railroad was not affected by the change on each side of the tracks. For some reason, perhaps because of a real or supposed want of jurisdiction, the town authorities did not undertake to change the way in that part which crosses the location of the railroad. See Pub. Sts. c. 112, § 125; St. 1874, c. 372, § 92; Gen. Sts. c. 63, §§ 57, 58, 59; *Commonwealth* v. *Haverhill*, 7 Allen, 523. It would require very plain language to indicate an intention by the town authorities to widen or alter a public way to and from a railroad crossing on each side of it, and at the same time to

discontinue the way across the railroad, so as to leave no right in the public to cross the tracks and to pass along the road beyond. It seems to us plain that this was not the intention of the selectmen of Orleans, or of the inhabitants of the town, in making this change. It follows that the previously existing public way across the tracks was not discontinued, but remained unchanged; and the plaintiff, meeting with an accident on account of the improper construction or want of repair of the crossing, should have given a notice to the defendant under the Pub. Sts. c. 52, §§ 18, 19.

The public records of the county commissioners dealing with this way as a highway or town way, under the jurisdiction given them by the statute, were rightly admitted in evidence, as tending to show that this was a public way before the authorities of Orleans widened and straightened it. Pub. Sts. c. 112, § 123. St. 1874, c. 372, § 90. St. 1865, c. 239, § 1.

*Exceptions sustained.*