ANTONIO GENTILE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 15, 1914. — February 27, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Practice, Civil,* Conduct of trial: requests and rulings; Exceptions.  *Assault and Battery.*

At the trial of an action against a street railway company for an assault and battery alleged to have been committed upon the plaintiff by the conductor in charge of a car upon which the plaintiff was a passenger, where the defendant admitted that, if the conductor assaulted the plaintiff, the defendant was liable, and the only question of fact for the jury was, whether the conductor struck the plaintiff, the plaintiff is not entitled to have instructions given to the jury relating to the responsibility of the defendant for acts or failures to act on the part of its employees.

An exception to a refusal to give a correct ruling as to the assessment of damages, asked for by the plaintiff in an action for an alleged assault and battery, is made immaterial by a verdict for the defendant.  In the present case the ruling was given in substance although not in the language requested.

TORT for an assault and battery alleged to have been committed by the conductor of a street railway car operated by the defendant upon which the plaintiff was a passenger. Writ dated August 2, 1912.

In the Superior Court the case was tried before *Wait*, J. At the close of the evidence, which is described in the opinion, the plaintiff asked for the following rulings:

"1. By the plaintiff's contract, the duty rested upon the defendant of affording him full protection from unlawful violence at the hands of the conductor, to whom, as its representative, the management of the car had been entrusted.

"2. For a violation of such a contract either by force or negligence, the plaintiff may bring an action of tort.

"3. The carrier's obligation is to carry his passenger safely and properly, and to treat him respectfully, and if he entrusts the performance of this duty to his servants, the law holds him responsible for the manner in which they execute the trust. The law seems to be now well settled that the carrier is obliged to protect his passengers from violence and insult, from whatever source arising. He must not only protect his passenger against the violence and insults of strangers and co-passengers, but *a fortiori* against the violence and insults of his own servants. If this duty to the passenger is not performed, if this protection is not furnished, but on the contrary, the passenger is assaulted and insulted, through the negligence or the wilful misconduct of the carrier's servant, the carrier is necessarily responsible.

"4. The plaintiff is entitled to recover damages, not only for the physical injury and suffering, but also for the indignity and humiliation, and a jury would be justified in giving substantial damages even though the physical injury was slight."

The rulings were refused. The jury found for the defendant; and the plaintiff alleged exceptions.

*J. J. Mansfield,* for the plaintiff, submitted a brief.

*C. S. French,* for the defendant.

CROSBY, J. The plaintiff offered evidence to show that he was a passenger upon a car of the defendant, and being unable to attract the attention of the conductor for the purpose of having the car stop so that he might alight, rang the bell, but by mistake registered a fare; that the conductor demanded of him five cents,

and before he had an opportunity to comply with the request the conductor struck him with both hands on his head and pulled him off the car while it was in motion; and that the conductor afterwards struck him with an iron switch stick and broke a bone of his arm.

The defendant offered evidence tending to show that when the plaintiff rang the bell registering the fare the conductor explained to him what he had done, to which the plaintiff replied that he did not understand; that while the conductor was repeating to the plaintiff what he had previously stated, he (the conductor) was seized from behind by two or three fellow countrymen of the plaintiff and pulled off the car, and was then attacked by four or five more of them and he defended himself. Several witnesses who were called by the defendant testified that the conductor did not at any time strike the plaintiff or assault him.

At the close of the evidence the plaintiff presented four requests for rulings. The first three related to the question of liability and the fourth referred to damages. There was but one question of fact to be determined by the jury, namely, Did the conductor strike the plaintiff?

It was conceded by the defendant and assumed by the trial judge that the defendant was liable if the conductor assaulted the plaintiff, and the jury were so instructed. Under these circumstances the first three requests were inappropriate and the refusal of the judge to give them discloses no error. The fourth request related to damages, but as the jury found for the defendant it became immaterial. It was, however, given in substance. The charge of the presiding judge, while brief, was clear and concise, and in our opinion fully covered the case as presented by the evidence. *Bryant* v. *Rich,* 106 Mass. 180. *Jackson* v. *Old Colony Street Railway,* 206 Mass. 477.

*Exceptions overruled.*