WINONA A. VANNAH *vs.* HART PRIVATE HOSPITAL.

Suffolk.    January 8, 1917. — September 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Actionable Tort*, Founded on breach of contract. *Contract*, Implied in fact. *Hospital*, Private: contract to protect patient while helpless.

Where a corporation conducting a private hospital agrees, for a stipulated pecuniary compensation, with a woman patient, who is about to have an operation performed there by her own surgeon after being etherized by her family physician, that it will give her a room in its hospital before and after the operation, that it will allow her surgeon and her family physician to use its operating room and that it also will give her the services of such nurses as may be necessary for her care before, after and during the operation, if, after the operation is performed and while the patient still is unconscious under the influence of ether, one of the two hospital nurses, who were present during the operation and assisted in carrying her to her room, forcibly pulls off a valuable ring from the patient's finger and steals it, this is a violation by the corporation of its duty to the patient under its contract, for which the patient may hold it liable in an action of tort. Following the principle of *Bryant* v. *Rich*, 106 Mass. 180.

If the plaintiff in the case described above when received into the hospital had been asked to put all her "valuables" into the custody of the hospital and had failed to comply with the request in regard to her rings, this would have been a defence to the action, because then the duty owed by the corporation under its contract would not have extended to the care of the rings on the patient's fingers.

If, however, the plaintiff merely was asked to put her money into the custody of the hospital but was not asked to put anything else into its custody, the defence would not be made out.

Tort, originally with a single count as follows: "And now comes the plaintiff in the above entitled cause and says that the defendant is a corporation operating a private hospital in that part of Boston called Roxbury and that on the twenty-fourth day of December nineteen hundred and eleven the plaintiff was etherized in the operating room of the defendant and that the charge for operating expenses included the proper guarding of the plaintiff's person while under the ether from any unwarrantable interference and this duty was so negligently performed that the plaintiff suffered great damage to wit: the loss of a diamond ring from her finger." Writ in the Municipal Court of the City of Boston dated January 31, 1912.

The case was removed to the Superior Court and on November 24, 1913, the plaintiff was allowed to amend her declaration by adding a second count as follows: " Second count: And now comes the plaintiff and says that the defendant is a corporation operating a private hospital for hire in that part of Boston known as Roxbury, in which the defendant was accustomed and undertook to provide the necessary care, attention, operating room and attendance of nurses for persons who wished to go there for medical or surgical treatment and who were ready and willing to pay for the same; that on or about the twenty-fourth day of December, 1911, the plaintiff was an inmate of the said hospital, paying a valuable consideration for board, room, nurses, use of operating room, attendance, and all necessary care incident to an operation to be performed on the plaintiff in said hospital, partly under the care of the said defendant and its nurses while in the operating room of said hospital and wholly under the care of the said defendant and its nurses outside of the operating room; that during the operation and for some time thereafter the said plaintiff was under the influence of ether; that at the said time the plaintiff possessed and wore on the ring finger of her left hand a valuable diamond ring; that the said ring was lost, stolen or in some way was removed or disappeared from the finger of the said plaintiff while the said plaintiff was under the care of the said defendant, its servants and agents; that the said disappearance or loss of the ring was due to the negligence of the defendant, its servants or agents or to the illegal acts of commission of the servants or agents of the defendant. And the plaintiff further says that in all the premises she was in the exercise of due care." .

The case was tried before *Morton,* J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the plaintiff asked the judge to make, among others, the following rulings:

"1. The defendant being a corporation can act only through its officers, agents or servants; and therefore the defendant is liable for a theft committed by its agents or servants, while acting within the scope of their employment, precisely the same as though the theft had been committed by the defendant itself, provided you find that a theft was committed."

"5. Both the hospital and nurses were in the general control of the defendant, and, during the time that the plaintiff remained in the operating room, the nurses who assisted at the operation remained in the general control of defendant who paid them for their services, and subject to its orders and, therefore, as matter of law, they were not, for the time being, the servants of the operating physicians, but they were merely subject to their directions as to details, and therefore the defendant might be found liable for a theft committed by the nurses while the plaintiff was in the operating room, provided you find that a theft was in fact committed."

"11. Before the plaintiff was etherized the ring had been in the personal possession of the plaintiff and under her immediate care. After she was etherized a change was thereby made in the actual physical situation. After the plaintiff was etherized the ring was in the personal possession of the defendant and under its immediate care acting through its nurses. From the nature of the transaction, since the plaintiff had lost the use of her senses, the plaintiff had ceased to be in charge of the ring and the defendant had as matter of law assumed the entire charge of the ring as well as the plaintiff's body and the clothing, if any, which covered her body.

"12. The general control of the hospital was in the defendant. By the nature of the contract between the plaintiff and the defendant the custody of the plaintiff's wearing apparel and adornments of the person must have been in the defendant when the plaintiff was under the influence of ether, and the consideration paid ought, as a matter of business, to secure some protection to the plaintiff where the condition of being under the influence of ether, to which

she was expected to conform, put it out of her own power to look after her effects herself."

The judge refused to make any of these rulings, and submitted the case to the jury with the instructions described in the opinion. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. J. O'Hare*, for the plaintiff, submitted a brief.

*J. F. Warren*, for the defendant.

LORING, J. The defendant operates a private hospital for gain. The plaintiff went there to undergo an operation. She testified that "her physician made the arrangements for [her] entering into the hospital. . . . That she paid to the hospital $15 a week for attendance and $10 for the use of the operating room." The operation was performed by a surgeon not connected with the defendant hospital. The plaintiff was etherized by her family physician and he was not connected with the defendant. In addition to the surgeon and the family physician two of the defendant's nurses were present at the operation. When the plaintiff was on the operating table before she went under ether she had two rings on her hands. After the operation and while the plaintiff was still under the effects of ether she was carried from the operating room to her own room in the hospital by "one of the doctors assisted by the nurses." When the plaintiff came out of the ether she noticed that the more valuable of the two rings (a ring which "would not come off without assistance") was missing. At the trial the plaintiff put the surgeon and the family physician on the witness stand. Each of them testified that he did not take the ring. The defendant put on the stand the superintendent of the hospital, one of the two operating nurses and the plaintiff's day nurse. Each of them testified that she did not take the ring. The operating nurse who was put upon the witness stand testified that the other operating nurse was in California "the last time she heard from" her. The plaintiff made many requests for rulings and now insists upon the first, fifth, eleventh and twelfth set forth above. These were refused and an exception taken. The judge instructed the jury that to recover the plaintiff must prove that she was in the exercise of due care and that the defendant was negligent. An exception was taken to this ruling. The case is here on these exceptions.

On the evidence the jury were warranted in finding that the ring was forcibly removed from the plaintiff's hand by the operating nurse who when last heard from was in California.

If the absent nurse did steal the ring it is plain that the defendant is not liable on the ground that in stealing the ring the nurse was acting within the scope of her employment as a servant of the defendant. The first request for ruling therefore was properly refused.

If the plaintiff had stood in the relation of a stranger to the defendant there would have been no error in the trial. But the plaintiff did not stand to the defendant in the relation of a stranger. It is apparent from the bill of exceptions that the case was not tried on the footing that the rights of the plaintiff in this action depended upon the contract made by her with the defendant. For this reason the terms of this contract do not appear as fully as they otherwise would have done. But from what does appear in the bill of exceptions the presiding judge was wrong in telling the jury that the defendant's liability depended upon the plaintiff proving that it was negligent.

Under the contract entered into by the defendant corporation it was its duty not only (1) to give the plaintiff a room in the hospital before and after the operation and (2) to give her surgeon and family physician the use of the operating room for the operation, but also (3) to give to the plaintiff the services of such nurses as were necessary for her care before, after and during the operation. It expressly appeared at the trial that "she [the plaintiff] paid to the hospital $15 a week for attendance." The services of the nurses which under the contract the defendant was bound to furnish the plaintiff included the services of nurses while she was unconscious from the effects of the ether, a condition which was a necessary part of the operation. And the question we have to decide is whether there was a violation of duty on the part of the defendant under this contract if the operating nurse in question stole the ring by forcibly pulling it off the plaintiff's finger while she was under the effects of ether, or whether on the facts appearing at the trial the jury could have so found. We are of opinion that the jury could have so found.

If for example a stranger had burst into the operating room, attacked the plaintiff and done her bodily harm or had attacked

the plaintiff while the nurses were carrying her from the operating room to her own room and the defendant's nurses had stood by and done nothing to protect the plaintiff from those attacks, it is plain in our opinion that there would have been a violation of the duty owed by the defendant under its contract with the plaintiff. It is equally plain in our opinion that the duty owed by the defendant under its contract with the plaintiff extended to the care of the rings on her fingers while she was unconscious from the effects of ether as well as to the security of her person. And finally it is equally plain in our opinion that there is as much a violation of the duty owed by the defendant under the contract where the attack upon the person or larceny of the ring is committed by one of the defendant's own nurses (whose duty it was to protect the plaintiff) as well as in the case where the attack is made by a stranger and the nurses do not undertake to protect her from the attack.

In its legal aspects the case is governed by the decision in *Bryant* v. *Rich,* 106 Mass. 180. In that case a dispute arose between a passenger on one of the defendant's steamers and one of the defendant's waiters as to whether the passenger had paid for his supper. The plaintiff, a cousin of the passenger in question, made a suggestion to which no exception could have been taken. Whereupon not only the waiter in question but the head steward and the other waiters knocked down the plaintiff and beat him. It was for this assault and battery that the action in *Bryant* v. *Rich* was brought. The presiding judge ruled (in accordance with a request made by the defendant) that "there is no evidence that the steward and waiters, in assaulting the plaintiff, were acting within the scope of any authority, or in the discharge of any duty, imposed upon them by the defendants." But in spite of this he instructed the jury that the plaintiff was entitled to recover. This ruling was sustained on the ground that as matter of contract the plaintiff as a passenger had the right to receive proper treatment from the defendants and their servants and all of them. This decision has been followed in other cases of carriers of passengers. *Hayne* v. *Union Street Railway,* 189 Mass. 551. *Jackson* v. *Old Colony Street Railway,* 206 Mass. 477. *Gentile* v. *Boston Elevated Railway,* 217 Mass. 113. In *Levins* v. *New York, New Haven, & Hartford Railroad,* 183 Mass. 175, it was held that a case was

not made out under this rule where a purse had been accidentally left on the window sill of the wash room of a car of the defendant company. In *Fairbanks* v. *Boston Storage Warehouse Co.* 189 Mass. 419, it was held that it did not apply where an assault was made by an attendant who under the rules of the defendant company accompanied the plaintiff when he went to examine goods stored by him in the warehouse of the defendant. The reason why the rule of *Bryant* v. *Rich* did not apply in the case of *Fairbanks* v. *Boston Storage Warehouse Co.* was because of the fact that the employee who made the assault was in attendance upon the plaintiff at the time in question for the plaintiff's own purposes. He was not a servant of the defendant to whose services the plaintiff was entitled under his contract with the defendant.

The decision in *Bryant* v. *Rich* does not depend upon the fact that the defendants in that case were common carriers. The decision would have been the same had the assault and battery occurred on an excursion steamer in place of upon a steamer operated by a common carrier. And the decision would have been the same if the steward and waiters had stolen rings from Bryant's fingers in place of knocking him down as they did. The doctrine of *Bryant* v. *Rich* applies whenever there is a contract between the plaintiff and defendant by force of which the defendant is to furnish for the plaintiff's comfort the services of its, the defendant's, employees. Where the injury to the plaintiff is caused by an act of the defendant's servants done in the course of their employment an action may be brought based on negligence of the defendant's servants for which the defendant is liable because the act took place in the course of his servants' employment, or an action may be brought in that case based on violation of the duty owed by the defendant to the plaintiff under the contract between the defendant and the plaintiff. But where (as was the case in *Bryant* v. *Rich* and in the case at bar) the injury done the plaintiff is caused by an act of the defendant's servants outside of the servants' duty as employees of the defendant but by an act of the defendant's servants which while not in the course of the servants' employment is none the less a violation of the duty owed by the defendant under the defendant's contract with the plaintiff, the only action that can be brought is an action founded upon the duty arising out of the contract.

The second count sufficiently sets forth a liability on the part of the defendant for violation of its duty under its contract with the plaintiff. It was held in *Bryant* v. *Rich* that "for a violation of such a contract either by force or negligence, the plaintiff may bring an action of tort, or an action of contract."

What has been said leaves open the defence which arises out of the testimony that the plaintiff when received into the hospital was asked to put into the custody of the defendant corporation all her "valuables." The defendant's agent who received the plaintiff when she came to the hospital testified that that request was made to her at that time. The plaintiff on the other hand testified that she was asked to put her money into the custody of the hospital but that she was not asked to put anything else into its custody. If the defendant's evidence is believed, a defence is made out. On the other hand if the plaintiff's evidence on this matter is believed, her rights depend upon the rule of *Bryant* v. *Rich, ubi supra.*

*Exceptions sustained.*