Lloyd C. CRAWFORD

v.

HOTEL ESSEX BOSTON COR-
PORATION et al.

Civ. A. No. 55–1024.

United States District Court
D. Massachusetts.

July 12, 1956.

Joseph M. McDonough and L. Karp, Boston, Mass., for plaintiff.

Paul R. Frederick, Walter I. Badger, Jr. and Badger, Pratt, Doyle & Badger, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a suit against a corporation engaged in operating a hotel, hereinafter referred to as the defendant, and its house detective or officer, hereinafter called the officer, for assault and battery. At the conclusion of the evidence the defendant moved for a directed verdict, which motion I denied, having Rule 50(b), Fed.Rules Civ.Proc. 28 U.S.C.A. in mind, without consideration. The jury found for the plaintiff. The defendant has now moved for judgment n. o. v.

The plaintiff's position at the trial was that the assault was committed in the course of employment, under Fanciullo v. B. G. & S. Theatre Corp., 297 Mass. 44, 8 N.E.2d 174, and Cowan v. Eastern Racing Ass'n Inc., 330 Mass. 135, 111 N.E.2d 752. This did not seem warranted, but I nevertheless charged the jury that it was a question for them, and awaited developments. I remain of the opinion that those cases are distinguishable. There it could be found that the defendant's agent or servant was engaged, within the scope of his authority, in ejecting the plaintiff. The evidence most favorable to the plaintiff here would not warrant such a finding.

The plaintiff registered in the hotel in the morning, and was given a room on the ninth floor. He had with him several associates, who were assigned rooms on various other floors, one Henry's being on the seventh. That evening plaintiff and Henry returned to the hotel after midnight. They entered the elevator simultaneously with a man and a woman who were unknown to them. Before the door closed the officer approached the elevator and asked whom the woman was with, and whether she was registered, suggesting she was with the plaintiff. The third man said the woman was his wife, but admitted she was not registered. The plaintiff and the officer exchanged incivilities. The officer then asked if the plaintiff was registered, to which he replied in the affirmative. The officer told him to wait and that he would speak to him after he had arranged for the man to register his wife, and departed towards the desk. The plaintiff and Henry thereupon showed the elevator boy their keys and asked him to take them up, which he did. They stopped at the seventh floor and spent a moment making plans for the morning, after which Henry alighted and the plaintiff rode up to the ninth. As he started down the hall towards his room he heard a voice behind him. He turned and saw the officer. The officer said, "I thought I told you to wait downstairs. I am going to throw you out," and without more ado punched him in the face, breaking his jaw. He then struck him a second time, breaking a rib and felling him to the floor. As the plaintiff was rising, some one in pajamas appeared from a room and hit him in the head. This other person has never been identified, and no claim is made for that attack. Following these three blows the officer and the other man departed. The plaintiff proceeded to his room. At no time was an attempt made to eject him.

█ It is admitted that the officer was employed to check on whether persons were registered, and to cause unruly and unauthorized persons to leave the hotel. A finding would be warranted that he could use force for such purpose. Under these circumstances the defendant would be liable for excessive force, provided he was engaged in an act within the scope of his employment, or perhaps, even if he only reasonably thought he

174

was. Fanciullo v. B. G. & S. Theatre Corp., 297 Mass. 44, 8 N.E.2d 174. The defendant argues that a deliberate, unprovoked and brutal assault, when, in spite of his remarks, it is obvious from his conduct that the officer was not trying to eject the plaintiff, or even to verify his registration, was entirely "outside the scope of his duties, or in a spirit of vindictiveness or to gratify personal animosity." See Genga v. Director General of Railroads, 243 Mass. 101, 106, 137 N.E. 637, 639. I agree.[1]

■ However, there is another principle to be taken into consideration. The plaintiff was a registered guest in the hotel. This gave him contractual rights, greater than those of the usual business invitee. He was entitled to "immunity from rudeness, personal abuse and unjustifiable interference, whether exerted by the defendant or his servants, or those under his control." Frewen v. Page, 238 Mass. 499, 503, 131 N.E. 475, 476, 17 A.L.R. 134. The court went on to say, 238 Mass. at page 504, 131 N.E. at page 477;

"The guest is entitled to respectful and considerate treatment at the hands of the innkeeper and his employees and servants, and this right created an implied obligation that neither the innkeeper nor his servants will abuse or insult the guest, or engage in any conduct or speech which may unreasonably subject him to physical discomfort, or distress of mind, or imperil his safety."

See also, Chamberlain v. Chandler, C.C. D.Mass., 5 Fed.Cas. p. 413, No. 2575.

■ When such duty exists it may not make any difference that the defaulting servant was not, contrary to what might be argued here, one charged with protecting the plaintiff's safety. Cf. Bryant v. Rich, 106 Mass. 180. The fact that the assault was not committed in the scope of the servant's employment is not a bar to recovery. Strictly the suit sounds in contract, rather than in tort, Frewen v. Page, supra, but in this court that distinction is immaterial. F.R.Civ.P., Rule 2. It is true that in the Frewen case the defendant, the proprietor of the hotel, directed the assault himself, but the above-quoted language contains no such limitation. And I think the defendant makes too much of an alleged distinguishing phrase in the Bryant case. The court there was referring to the time and place of the assault, not to whether it was specifically within the scope of employment. The gravamen is the failure of the servants to protect the plaintiff from harm. See Vannah v. Hart Private Hospital, 228 Mass. 132, 138, 117 N.E. 328, L.R.A. 1918A, 1157.

■ I believe the Massachusetts law to be that if the guest of a hotel is assaulted by an employee, particularly by one whose duties include the preservation of order, he has at the least a contractual claim for consequential damages.

Motion denied.

1. The plaintiff cites Schultz v. Purcell's, Inc., 320 Mass. 579, 70 N.E.2d 526. In Schultz the agent was the president of the defendant, and manager in charge. The court held there was no basis for the jury's finding any personal animosity by the agent, unlike the case at bar, and that a finding was warranted that his motive was to prevent a resumption of misbehavior. Here the defendant's evidence did show misbehavior by the plaintiff downstairs an hour before, but the plaintiff denied this. His account of the assault must either be accepted or rejected. If rejected he cannot recover. If accepted it is inconsistent with a finding that the attack, when he was upstairs going quietly to his room, was to stop misbehavior. At the most it would have been to prevent misbehavior at some indefinite future occasion, which is not enough. Brown v. Boston Ice Co., 178 Mass. 108, 59 N.E. 644, cited with apparent approval in Fanciullo, supra.