688 P.2d 333

**Q. Lee PITTARD, as Father and Next Friend of Cody Pittard, and Kim Pittard, Individually, Plaintiffs-Appellants,**

**v.**

**The FOUR SEASONS MOTOR INN, INC., and D.B. Investment Properties, Inc., its successor in interest, Defendants-Appellees.**

**No. 7323.**

Court of Appeals of New Mexico.

April 19, 1984.

Certiorari Quashed Sept. 5, 1984.

Edmund J. Lang, Albuquerque, for plaintiffs-appellants.

Larry D. Beall, P.A., C. Richard Baker, Joseph William Reichert, Albuquerque, for defendants-appellees.

## OPINION

MINZNER, Judge.

On the court's own motion, the prior opinion of this court is withdrawn and the following opinion substituted therefor.

Plaintiffs Q. Lee and Kim Pittard brought this action to recover damages suffered when David Leroy Perales ("Perales") sexually assaulted their son. Perales was an on-duty employee of the hotel Four Seasons Motor Inn, Inc., at the time of the incident. D.B. Investment Properties, Inc. is a successor in interest to the Four Seasons.

Mrs. Pittard and her son were on the hotel's business premises on January 15, 1978 as guests of Mrs. Pittard's parents, who were registered guests of the hotel. The hotel was open to the public for business purposes on that day. In fact, the hotel was conducting several promotional activities designed to attract customers, guests, and invitees on January 15, including a special Super Bowl promotion.

Perales was working at the hotel on January 15 as a steward assisting in the preparation of banquets. He admitted to being intoxicated when he reported for duty and to further consumption of alcohol while on duty. Perales left the banquet area while on duty and encountered the boy near the hotel's swimming pool area. He enticed the boy into a hotel bathroom, locked the door behind them, and sexually assaulted the boy. Perales was later apprehended in the hotel's kitchen area and admitted the sexual assault.

Plaintiffs sought by pretrial discovery to require the hotel to produce the personnel file it maintained on Perales. The hotel failed to produce the file, contending that it had been lost.

Plaintiffs sought recovery against the hotel under several causes of action: (1) *respondeat superior;* (2) breach of duty to care for the safety of guests and invitees; (3) failure to provide adequate security; (4) negligent hiring; (5) negligent retention; and (6) inadequate supervision. Following plaintiffs' presentation of their case to the jury, the trial court granted directed verdicts on the negligent hiring and retention claims but denied directed verdicts as to the others. Plaintiffs moved for discovery sanctions against the hotel for its loss of Perales' personnel file. The trial court denied plaintiffs' request for a directed verdict on the negligent hiring and retention claims as a sanction but refused to allow testimony regarding foreseeability on matters relating to the lost file. The jury returned a verdict for the hotel on those issues submitted to it. Plaintiffs raise three issues on appeal:

(1) the trial court erroneously instructed the jury on the hotel's duty to care for the safety of guests and invitees;

(2) the trial court erred in failing to direct a verdict for plaintiffs on the negligent hiring and retention claims as a sanction for the hotel's loss of the personnel file; and

(3) the trial court erred in directing a verdict on the negligent hiring and retention claim.

We affirm the trial court with respect to issues (1) and (2). We reverse the trial court with respect to issue (3) and remand the case for a new trial on that issue.

1. *Discovery Sanction for Lost Personnel File.*

 NMSA 1978, Civ.P.Rule 37(B)(2) (Repl.Pamp.1980) authorizes the trial court to impose sanctions against a party for the failure to obey an order to provide or permit discovery. When evidence is willfully destroyed or lost, the trial court *may*, in its discretion, direct a verdict against a guilty party. *United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 629 P.2d 231 (1980), *appeal dismissed*, 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981). Choice of sanctions imposed under this rule lies within the sound discretion of the trial court. Only a clear abuse of discretion will warrant reversal of the choice of sanctions. *Id.*

The record reveals that the hotel's insurance adjuster prepared a report on the incident, using Perales' personnel file, some ten months after the incident. The report was given to plaintiffs' counsel on the first day of trial. Plaintiffs learned in June 1981 that Perales' personnel file had been lost. Plaintiffs requested production of the file in November 1982, one month before trial. They renewed the motion the day before trial and filed a motion in limine to restrain the hotel from arguing the foreseeability of Perales' actions. No written discovery order was filed with regard to the personnel file.

At trial plaintiffs renewed their complaint regarding the file and alleged "willful misconduct." Plaintiffs requested that the trial court preclude the hotel from raising the defense of foreseeability. The trial court accepted the hotel's contention that the personnel file had been lost and found no culpable conduct on the part of the hotel.

Plaintiffs argue on these facts that the trial court erred when it failed to direct a verdict or enter default judgment against the hotel on the negligent hiring, retention, and supervision claims. We disagree.

 The facts of this case do not support a conclusion that the trial court abused its discretion with respect to discovery sanctions. Severe sanctions such as denying a party the right to a hearing on the merits should be imposed only where there is a willful or bad faith failure to comply with a discovery order. *United Nuclear Corp. v. General Atomic Co.* Plaintiffs have failed to point to any violation of a discovery order here. Moreover, there is sufficient evidence in the record to support the trial court's finding that loss of the file was not culpable but inadvertent. The file was lost long before any motion to produce was served on the hotel. We will not disturb the trial court's ruling.

2. *Jury Instruction on Hotel's Standard of Care.*

Plaintiffs object to Instruction 10 given by the trial court on the hotel's general duty of care. That instruction read:

The proprietor of a hotel is not an insurer of the safety of its guests against the acts of third persons. Additionally, the obligation of the proprietor of a hotel does not include an insurance of the guest's person against the wilful or negligent acts of its employees not acting in the scope of their employment. The proprietor of a hotel is under a duty only to exercise reasonable care for the safety of the hotel's guests.

 Instructions must correctly state the law and be based on the evidence. All instructions must be read together and, if they fairly present the issues and the applicable law, they are sufficient. A reviewing court must consider the instructions as a whole. *Blackburn v. State*, 98 N.M. 34,

644 P.2d 548 (Ct.App.1982). A party complaining of faulty instructions must show prejudice before reversal is warranted. *Jewell v. Seidenberg,* 82 N.M. 120, 477 P.2d 296 (1970).

Plaintiffs argue that the instruction prejudiced them in several ways. Their claim of prejudice primarily concerns a theory of liability that has been recognized in New Mexico but with respect to which we have little case law. It differs from a claim of *respondeat superior.*

■■■■ A plaintiff injured by an employee's assault may sue under a theory of *respondeat superior. Dessauer v. Memorial General Hospital,* 96 N.M. 92, 628 P.2d 337 (Ct.App.1981). In order to recover under a *respondeat superior* theory, the plaintiff must demonstrate that the employee was acting within the scope of his employment. *Gonzales v. Southwest Security and Protection Agency, Inc.,* 100 N.M. 54, 665 P.2d 810 (Ct.App.1983). Plaintiffs were unsuccessful on their *respondeat superior* claim.

Our case law recognizes that an innkeeper may be liable for an assault upon a guest or invitee by an employee under a second theory:

> Naturally, an innkeeper is not and cannot be an insurer of a guest or patron against personal injuries inflicted by another person on the premises, other than his servants or agents. Nevertheless, the proprietor of a place of business who holds it out to the public for entry for his business purposes, is subject to liability to guests who are upon the premises and who are injured by the harmful acts of third persons if, by the exercise of reasonable care, the proprietor could have discovered that such acts were being done or about to be done, and could have protected against the injury by controlling the conduct of the other patron.

*Coca v. Arceo,* 71 N.M. 186, 189, 376 P.2d 970, 973 (1962).

■■■■ *Coca* cites 2 *Restatement of Torts* Section 348 (1934) as authority for the rule. That provision is now embodied in *Restatement (Second) of Torts* Section 344 (1965), which states:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

"Third persons" include servants acting outside the scope of their employment. *Restatement (Second)* § 344 comment b.

■■■■ Plaintiffs first contend that the instruction was erroneous because there was no set of facts under which the jury could have found Perales to be a third person within the meaning of the language quoted from *Coca.* They argue that because Perales was on duty and on the premises at the time of the assault he could not be a third person. This argument is clearly erroneous. The *Restatement* specifically defines employees acting outside the scope of their employment as "third persons." The mere fact that an employee is on duty does not mean that every action he takes is within the scope of employment.

■■■ Plaintiffs next contend that the hotel should be strictly liable for the assault. They claim that the "other than his servants or agents" language in *Coca* means that an innkeeper is an insurer of a patron for injuries inflicted by a servant. We disagree. *Coca* cites Section 348 of the *Restatement* as support for the proposition. That section has been replaced in the second edition by Section 344, which holds possessors of land to a "reasonable care," not strict liability, standard. Had the supreme court intended in *Coca* to impose a strict liability standard for the acts of servants outside the scope of employment, it could have done so explicitly. The fact that it did not is convincing evidence that

negligence is the proper standard to be applied.

Even *Tobin v. Slutsky,* 506 F.2d 1097 (2nd Cir.1974), upon which plaintiffs rely, does not impose strict liability upon innkeepers. Innkeepers are held to a "reasonable care commensurate with the quality of the accomodations offered" standard. *Tobin* also recognizes that "[n]o matter how strict the standard, however, the hotel is not an insurer * * *." 506 F.2d at 1103.

There are cases which seem to hold innkeepers to a higher standard for assaults by employees acting outside the scope of duty under a theory of implied breach of a legal or contractual obligation of an innkeeper to treat guests with due consideration for their safety and comfort. *See Crawford v. Hotel Essex Boston Corp.,* 143 F.Supp. 172 (D.Mass.1956); *Clancy v. Barker,* 71 Neb. 83, 98 N.W. 440 (1904), *adhered to on reh'g,* 71 Neb. 91, 103 N.W. 446 (1905). We decline to follow these cases to the extent that they do impose a higher standard. These decisions draw an analogy which we do not find persuasive between common carriers and innkeepers. Moreover, New Mexico does not recognize degrees of negligence but applies in all cases an "ordinary care under the circumstances" standard. NMSA 1978, UJI Civ. 6.5 (Repl.Pamp.1980) and Committee Comment thereto.

Plaintiffs finally contend that the trial court "completely negated" the jury's ability to impose liability if Perales were found to have acted outside the scope of employment. We agree that the instruction does not clearly point out that the hotel could be liable if Perales acted outside the scope of employment *and* if the jury found that the hotel violated its duty to exercise reasonable care to provide for the safety of business visitors. The instruction might have tracked the *Restatement* provision much more closely.

Plaintiffs waived their right to raise this particular complaint with regard to the instruction. A party objecting to a jury instruction must specifically guide the mind of the trial court to the claimed error. NMSA 1978, Civ.P.R. 51(I) (Cum.Supp. 1983); *Poorbaugh v. Mullen,* 99 N.M. 11, 653 P.2d 511 (Ct.App.), *cert. denied,* 99 N.M. 47, 653 P.2d 878 (1982). Plaintiffs never raised this specific objection to the trial court. Rather, they argued that Perales could *not* have been a third party, a contention inconsistent with recovery under the business proprietor theory, and argued that strict liability was the correct standard. Plaintiffs offered an instruction, which was refused, based on NMSA 1978, UJI Civ. 13.10 (Repl.Pamp.1980), which is adopted from *Restatement (Second) of Torts* Sections 342, 343 (1965). Plaintiffs never tendered an instruction which correctly tracks Section 344.

The trial court is affirmed on the jury instruction issue.

### 3. *Directed Verdict on the Negligent Hiring and Retention Claims.*

Negligent hiring and retention is a second theory which a plaintiff may assert to recover against an employer for an employee's assault outside the scope of employment. *La Lone v. Smith,* 39 Wash.2d 167, 234 P.2d 893 (1951); 34 A.L.R.2d 372 § 9 (1954). The trial court granted the hotel's motion for a directed verdict on these claims, citing *F & T Co. v. Woods,* 92 N.M. 697, 594 P.2d 745 (1979). Plaintiffs argue that *Woods* is distinguishable on its facts, and that there was sufficient evidence of foreseeability to submit the claim to the jury. We agree.

A directed verdict should be granted only when reasonable minds cannot differ as to the result to be reached. *Owen v. Burn Construction Co.,* 90 N.M. 297, 563 P.2d 91 (1977). In reviewing the grant of a directed verdict the appellate court must view the evidence in the light most favorable to the non-moving party. *Loucks v. Albuquerque National Bank,* 76 N.M. 735, 418 P.2d 191 (1966).

In *Woods,* the plaintiff was raped by defendant's employee. The employee had delivered a television set to the plaintiff in the course of the defendant's business.

The employee returned to plaintiff's residence five days later while off duty, broke into the residence, and committed the rape.

Plaintiff sued on a negligent hiring and retention theory. The court noted that a substantial portion of the record was directed at the employer's inquiry or lack thereof into the employee's past and to the employer's actual knowledge of the employee's past criminal record. The employee was an ex-convict. The defendant's manager had been visited prior to the rape in question by a detective who was investigating previous rapes in the area. The manager was told that a "colored person" was suspected, although the particular employee was not singled out by the detective as a suspect. The perpetrator was one of two black employees. The manager was also aware of the fact that a purse belonging to a previous rape victim had been found in defendant's trash area.

The *Woods* court recognized the negligent hiring and retention cause of action. The court stated, however, "It is not enough that plaintiff prove that defendant was negligent in hiring or retaining Sanders. In addition, plaintiff must prove that the negligent hiring or retention of Sanders was the proximate cause of the rape." 92 N.M. at 699–700, 594 P.2d at 747–48. The court expressly equated the proximate cause requirement imposed with a foreseeability requirement.

Proximate cause is that which in a natural and continuous sequence unbroken by any new independent causes produces the injury and without which the injury would not have occurred. *Lopez v. Maez*, 98 N.M. 625, 651 P.2d 1269 (1982). Foreseeability is imposed to preclude a finding of liability where defendant's conduct was part of the causal chain of the injury but the resulting injury could not have been reasonably foreseen by the defendant. *F & T Co. v. Woods*. Foreseeability does not require that the particular consequence should have been anticipated, but rather that some general harm or consequence be foreseeable. *Gilbert v. New Mexico Const. Co.*, 39 N.M. 216, 44 P.2d

489 (1935); *Pisel v. Stamford Hospital*, 180 Conn. 314, 430 A.2d 1 (1980).

The *Woods* court held as a matter of law that no evidence had been introduced in the case which would justify submission of the claim to the jury. The employee's criminal conduct was not foreseeable, given the facts of that case, from the defendant's hiring or retaining of the employee. The rape occurred off the business premises while the employee was off-duty. Moreover, no specific indications of any violent behavior on the part of the employee were brought to the employer's attention. Knowledge of a past criminal record and unfocused police questioning did not make the employee's conduct foreseeable.

This case is distinguishable. Plaintiffs' son was sexually assaulted by defendant's employee, Perales, on the business premises while Perales was on duty. Perales admitted to having a drinking problem during the period of employment with defendant, and of being violent when he drank. Perales also admitted to being drunk while on duty on the day in question.

There was evidence from which a jury might find that defendant was aware or should have been aware that Perales had a drinking problem and a propensity for violence. Two incidents had occurred on hotel property shortly before the assault which gave rise to this lawsuit. Perales was terminated from his job as dishwasher for drinking prior to the incident that gave rise to this lawsuit. Shortly after that termination, Perales went to defendant's place of business to inquire about reinstatement. He was drunk, interfered with the kitchen's operation, and became violent when he was asked to leave the premises. He was forcibly subdued by defendant's security personnel and he left under threat of criminal prosecution.

Further, defendant later rehired Perales as a steward. Perales' position as a steward required him to help in the preparation of banquets. He had some contact with customers and other invitees in this connection. He was not closely supervised and had access to alcoholic beverages, which he

consumed with some regularity while on duty. Other employees were aware of Perales' behavior in this regard.

▓▓▓▓ We hold that plaintiffs have introduced sufficient evidence to entitle them to reach the jury. Notice of an employee's alcoholism and tendency toward violent behavior may make sexual assault by that employee foreseeable to the employer. The jury, rather than the judge, should determine foreseeability on these facts. *Ortega v. Texas-New Mexico Railway Co.,* 70 N.M. 58, 370 P.2d 201 (1962); *Hersh v. Kentfield Builders, Inc.,* 385 Mich. 410, 189 N.W.2d 286 (1971).

This cause is remanded to the trial court for a new trial on the negligent hiring and retention claim. We affirm the trial court with respect to the other issues on appeal.

IT IS SO ORDERED.

DONNELLY, C.J., concurs.

NEAL, Judge (concurring in part and dissenting in part):

I concur in the disposition of the discovery and instruction issues. I do not agree that the negligent hiring and retention claim should have gone to the jury. I believe *F & T Co. v. Woods* supports the directed verdict.

In *Woods* the employer knew of the employee's past criminal record. Less than a week before the plaintiff was raped, the employer was visited by a police detective who informed him that a "colored person" was suspected in some rapes. The employee was one of two blacks employed by the employer. Also, the week before the rape, a purse belonging to a previous rape victim was found in the trash area of the business and the employer knew this. Despite this evidence the Supreme Court directed a verdict in favor of defendant, holding that, on these facts, foreseeability was not a jury issue.

In this case we have evidence that the employee was drunk and the employer knew it. We have evidence that, after being terminated previously, the employee came to the hotel to beg for his job back, became violent, and was forcibly ejected from the hotel. In my opinion, these facts are less compelling than those in *Woods.* Knowledge of prior drunkeness, of drunkeness on the day in question, and that the employee became violent after he was previously terminated, goes only to whether the hotel was negligent in hiring or retaining the employee; it does not establish foreseeability. *Woods.* While I do not necessarily agree with *Woods* we are bound to follow it. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). Because I cannot agree with the majority's attempt to distinguish *Woods,* I do not join in the disposition of the negligent hiring and retention claim.