**Lolita Thomas, Appellant,**

v.

**Herbert Succo, et al., Appellees.**

**Decided August 27, 1993**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and TOLEDO (sitting by designation), Associate Justices.

F.D. Moeller, Esq., Farmington, New Mexico, for the Appellant; and James J. Mason, Esq., Gallup, New Mexico, for the Appellees.

Opinion delivered by YAZZIE, Chief Justice.

This appeal involves the dismissal of a suit filed by Lolita Thomas against Herbert Succo and the Navajo Nation for the wrongful death of her son, Alfred Thomas Jr. (Alfred).

## I

Alfred, a sixteen year old, attended the Navajo Nation's Summer Youth Employment Training Program (SYETP). On June 28, 1990, Alfred went on a field trip to the San Juan Generating Station near Farmington, New Mexico. His mother, Lolita Thomas, gave permission allowing her son to make the trip. The group left from and returned to the White Rock Chapter House. At the conclusion of the trip, Alfred did not return to the chapter house. Instead, he asked Succo, a SYETP supervisor, to be dropped off at his father's house.[1] He arrived there in the late afternoon of Thursday, June 28, 1990, and stayed with his father until Friday afternoon. Alfred's father wanted his son to spend the weekend with him, but Alfred asked permission to spend the weekend with his friend, Steven Yazzie. Alfred's father granted his son's request.

On Saturday, June 30, 1990, at about 6:00 p.m., Alfred went for a ride in a pickup truck driven by Steven Yazzie, along with passengers John Bitt, Valdez Yazzie and Elban Johnson. The night before and during the afternoon of June 30, 1990, some members of the group consumed alcoholic beverages. Alfred sat

---

1. Alfred Thomas Sr, Alfred's father lives at the Navajo Agricultural Products Industry housing project near Farmington, New Mexico. In 1982, he divorced Lolita Thomas. Lolita Thomas has full custody of Alfred, and Alfred Thomas Sr. has full visitation rights of his son.

between Steven Yazzie and John Bitt in the pickup truck cab. Valdez Yazzie and Elban Johnson sat in the back bed of the truck. While the truck was in motion, Alfred climbed out of the right passenger window and, while attempting to get into the truck bed, fell to the road and injured himself. He later died at the Crownpoint PHS Hospital from the injuries he suffered. The incident occurred two days after Succo dropped off Alfred at his father's house.

On August 8, 1991, Lolita Thomas filed suit against the Navajo Nation and Succo, as an employee, for the wrongful death of her son. On May 5, 1992, the Window Rock District Court entered summary judgment in favor of Succo and the Navajo Nation, finding that Succo's conduct did not in any way cause Alfred's death.

On June 3, 1992, Lolita Thomas filed an appeal with this Court. She claims that the summary judgment was improperly granted and requests this matter be remanded to the district court for a jury trial.

## II

The issue is whether the district court erred in granting summary judgment for the defendants.

## III

Summary judgment is "a procedural device designed to test whether a case should proceed to trial." *Begay v. Dennison,* 4 Nav. R. 115, 116 (1983). The process is to determine whether any genuine issue as to any material fact exists and, if not, the moving party is entitled to judgment as a matter of law. *Id.* A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact. Nav. R. Civ. Pro. 56(c) (Amend. 1989). It does not determine the sufficiency of the pleadings nor the evidence. *Begay v. Dennison,* 4 Nav. R. at 116.

Whether summary judgment was properly granted in this case depends upon the question of whether Succo's act of not returning Alfred to his mother was the proximate cause of his injury. The Navajo courts view proximate cause in terms of foreseeability. *See, Mann v. Navajo Tribe,* 4 Nav. R. 83 (1983); *Wilson v. Begay,* 6 Nav. R. 1 (1988). Thus, for conduct to be the proximate cause of an injury, the injury to the plaintiff must be one which could have been reasonably foreseen by the defendant under the circumstances. *See Wilson v. Begay, id.* "Foreseeability is imposed to preclude a finding of liability where a defendant's conduct was part of the causal chain of the injury but the resulting injury could not have been reasonably foreseen by the defendant." *Pittard v. Four Seasons Motor Inn, Inc.,* 101 N.M. 723, 688 P.2d 333, 340 (N.M. App. 1984). Proximate cause is usually a question of fact for the jury. However, where reasonable minds cannot differ as to the facts, the issue of proximate cause becomes one for the judge.

The facts are clear that Succo breached a duty when he did not return Alfred to his mother at the White Rock Chapter House. But could Succo have reasonably foreseen that Alfred would climb out of a moving vehicle and injure himself two days later? We do not believe so. Two full days elapsed from the time Alfred was released to his father to the time when he fell from the vehicle. Remoteness in time is a factor which is crucial to deciding the issue of proximate cause here. The more time passes between the alleged act of negligence and the injury, the less foreseeable that injury becomes. Under a different set of facts, remoteness in time may have little relevance.

Remoteness in time by itself may have little bearing on a case. For that reason, events that transpire during the elapsed time can become the basis for determining the existence or non-existence of proximate cause. In this case, other events happened which are independent, intervening causes. First, Alfred was released to his father safely. The father assumed responsibility as any parent would. Alfred than sought his father's permission to spend the weekend with his friend, which was granted. Second, alcoholic beverages were consumed by the group who accompanied Alfred the day before and the day of the incident. In fact, some members riding in the vehicle drank to the point of inebriation. Lastly, Alfred climbed out of the window of the vehicle of his own volition, while the truck was moving. While doing so, he fell to the ground and injured himself. That is clearly the proximate cause of his injury.

All of these facts clearly show that Succo's conduct did not proximately cause Alfred's injury and death. Alfred's conduct of climbing out of the vehicle, while in motion, could not have reasonably been foreseen by anyone, especially Succo who had released Alfred to the safety of his father.

For the reasons stated, we hold that the district court properly granted summary judgment in this case. The decision of the Window Rock District Court is AFFIRMED.